Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner, except as modified as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner, and in a Pre-trial Agreement dated 6 August 1993, as
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant was self-insured; United Self Insured Services was the servicing agent.
4. On 1 October 1990, Bowden Nursing Home was purchased by Britthaven Nursing Home.
5. Plaintiff's average weekly wage was $172.55, yielding a compensation rate of $115.04.
6. Plaintiff's medical records, plaintiff's personnel file from New Hanover County Schools, Interrogatories of both plaintiff and defendant and a sheet showing plaintiff's prescription medications, are stipulated into evidence.
* * * * * * * * * * * * * * *
The Full Commission adopts in part and modifies in part the Findings of Fact by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff was born 18 February 1960. In September of 1990, plaintiff was employed by defendant-employer as a nurse's aide.
2. On 8 September 1990, while engaged in her normal work routine, plaintiff was assisting an elderly, obese patient into a wheelchair. At that time, the patient began to slip. As a result, plaintiff grabbed hold of the patient under her arms to keep her from slipping. As a result, plaintiff sustained pain in the neck, left shoulder and left arm.
3. Plaintiff then completed an Incident Report on 8 September 1990, reporting an injury to her upper back near her neck.
4. As a result of her incident on 8 September 1990, plaintiff was seen and evaluated by Dr. Pence and Dr. Dineen, from 8 September 1990 through 27 November 1990. At that time, plaintiff was released to return to work by Dr. Dineen.
5. As a result of her incident on 8 September 1990, plaintiff was incapable of earning wages with defendant-employer or in any other employment for one week. On 17 September 1990, plaintiff returned to work on light duty restrictions.
6. Plaintiff's employment with defendant-employer ended on 30 September 1990, when defendant-employer was bought out by Britthaven. At that time, Britthaven took over all responsibilities with regard to the day to day operations of the facility and its employees.
7. Plaintiff's employment with Britthaven ended on or about 27 November 1990.
8. On or about 30 June 1991, plaintiff filed Industrial Commission Form 18 with the Industrial Commission, indicating a date of injury of 29 September 1991, which, at that time, was still a date in the future. Thereafter, by letter dated 11 June 1993, plaintiff amended her Industrial Commission Form 18 by indicating the date of injury as 8 September 1990.
9. In addition to Dr. Pence and Dr. Dineen, plaintiff has been seen and evaluated by Dr. Weis, Dr. Miller, Dr. Solomon and Dr. Quattrocchi. In addition, plaintiff has been seen and evaluated by Dr. Davis, a chiropractor.
10. By 13 February 1991, plaintiff was employed by the Comfort Inn as a housekeeper. She left this job in July, 1991 and worked part-time as a school custodian from 19 August 1991 until 8 June 1992 and from August, 1992 until June, 1993.
11. From August of 1991 until February of 1993, plaintiff did not seek treatment with regard to her back.
12. On 5 October 1993, plaintiff underwent bilateral L4 through L5 microdiskectomies and bilateral L4 through L5 foramenectomies.
13. There is insufficient evidence of record from which to prove by its greater weight that plaintiff's low back and leg pain was causally related to plaintiff's incident on 8 September 1990.
14. At the time plaintiff initially sought medical treatment from Dr. Pence beginning 10 September 1990 and Dr. Dineen on 25 October 1990, all of her complaints concerned pain in her neck, upper back and shoulders. She reported no low back pain or leg pain. Dr. Dineen did not examine or x-ray plaintiff's low back during the period he treated her in October and November of 1990 because there was no complaint of pain or other symptoms in this area of the body.
15. The problems which plaintiff sustained as a result of her incident on 8 September 1990 with regard to pain in her upper back near her neck resolved by 27 November 1990, when plaintiff was released to return to regular duty by Dr. Dineen.
* * * * * * * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. On 8 September 1990, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. G.S. § 7-24 (6).
2. Plaintiff timely filed a claim with the Industrial Commission pursuant to the provisions of G.S. § 7-24.
3. Defendant shall pay all medical expenses as a result of plaintiff's compensable injury on 8 September 1990; provided, however, defendant is not responsible for the expenses associated with the treatment of plaintiff's low back and leg pain, and resulting surgery. G.S. § 7-25.
4. As a result of her compensable injury on 8 September 1990, plaintiff is not entitled to payment of temporary total disability compensation as plaintiff did not miss work as a result of this injury. G.S. § 7-29; G.S. § 7-28.
* * * * * * * * * * * * *
 Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendant shall pay all medical expenses incurred by plaintiff as a result of her compensable injury on 8 September 1990; provided, however, defendant is not responsible for the medical expenses incurred by plaintiff as a result of her complaints of pain in her low back and leg following her compensable injury on 8 September 1990.
2. Defendant shall pay the costs due this Commission.
 S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ COY M. VANCE COMMISSIONER
BSB:md